UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Karen M. Weaver,

    Plaintiff,

v.                                                                    Case No. 1:18cv641

Commissioner of Social Security                        Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court upon the Magistrate Judge's November 26, 2019 Report and Recommendation ("R&R") recommending that the ALJ's finding of non-disability should be affirmed and this case be terminated on the Court's docket. (Doc. 18).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed pro se objections to the Magistrate Judge's R&R. (Doc. 19).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's

objections.

Plaintiff maintains that the Magistrate Judge's R&R was in error to the extent that the Magistrate Judge concluded that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician, Dr. Delamerced, M.D.  Plaintiff also states that her attorney refused to allow her to have witnesses at the hearing.

I. **ANALYSIS**

An ALJ must give a treating source opinion concerning the nature and severity of the claimant's impairment controlling weight if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009).[1]  If the ALJ determines a treating source opinion is not entitled to controlling weight, "the ALJ must provide 'good reasons' for discounting [the opinion], reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).

As the Magistrate Judge noted, Plaintiff began being seen by Dr. Delamerced in April of 2014.  Dr. Delamerced's treatment notes were made a part of the record; and Dr. Delamerced also completed a Neuro-Cognitive Disorder Medical Source Statement. (Tr. 404-409).  The ALJ did not give controlling or deferential weight to Dr. Delamerced's opinion.  As the Magistrate Judge noted, the ALJ found that Dr. Delamerced's opinion

---

[1]It should be noted that revised versions of these regulations took effect on March 27, 2017.  *See* 82 Fed. Reg. 5844 (March 27, 2017).  However, because Plaintiff's disability claim was filed before the effective date, the previous version of the regulations are applicable.

was inconsistent with the limited physical treatment received by Plaintiff and unremarkable physical examinations. The ALJ also found that Dr. Delamerced's opinion was contrary to records from October and November 2013 which showed that following surgery to remove a colloid cyst in Plaintiff's brain, Plaintiff had "good cognitive recovery . . . with very subtle deficits remaining only in isolated areas of functioning." (Tr. 22-23).

The Magistrate Judge concluded that the ALJ did not err in giving Dr. Delamerced's opinions only "some weight." First, the Magistrate Judge explained that the ALJ is not bound by Dr. Delamerced's conclusory opinion that Plaintiff was "unemployable." Second, the Magistrate Judge explained that the ALJ did not err in failing to credit Dr. Delamerced's opinions simply because other treating and examining sources diagnosed Plaintiffs with similar impairments. As the Magistrate Judge explained, even though there was an agreement among mental health providers that Plaintiff has a cognitive impairment, there is a difference of opinions as to what Plaintiff's functional impairments are as a result of the cognitive impairment. The Magistrate Judge reviewed the record thoroughly and concluded that the ALJ properly determined that Dr. Delamerced's opinion "is not substantially supported by the medical evidence of record, it is not consistent with his own treatment notes and recommendations, and it is inconsistent with the findings and opinions of the other medical sources." (Doc. 18, PAGEID# 684-85). The Court finds no error in the Magistrate Judge's conclusions. This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Plaintiff also argues in her objections that her attorney refused to allow her to have witnesses testify at the hearing because "these attorneys seem to believe that Social Security does not like for you to bring witnesses." (Doc. 19, PAGEID# 689).

The Social Security regulations provide that claimants "may . . . present and question witnesses" during an ALJ hearing. 20 C.F.R. § 416.1429. While Plaintiff states that she "was not fairly represented nor treated with Social Security" (Doc. 19, PAGEID# 689), there is nothing in Plaintiff's objections or the transcript of the hearing itself (Tr. 29-69) which indicates that the Social Security Administration or the ALJ denied Plaintiff the right to call a witness. It is a plaintiff's burden to produce evidence in support of a disability claim. *See Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986). The Court cannot address evidence which might have been submitted during the hearing. Therefore, the Court finds no reason to disturb the ALJ's decision on this basis.

Accordingly, Plaintiff's objections are OVERRULED.

II. **CONCLUSION**

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's November 26, 2019 R&R (Doc. 18). Accordingly, it is hereby **ORDERED** that:

1. The Commissioner's decision to deny Plaintiff DIB benefits is **AFFIRMED**;

2. This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

         */s/ Michael R. Barrett*
         Michael R. Barrett, Judge
         United States District Court